IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, L.L.C., as | ) | CV. NO. 5:13-CV-1127-DAE |
| Trustee of Dragon Fire 2726 Land | ) | |
| Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EVERBANK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING MOTION TO DISMISS

On April 14, 2014, the Court held a hearing on the Motion to Dismiss

("Motion") filed by Defendant Everbank ("Defendant" or "Everbank").  ("Mot.,"

Dkt. # 2.)  Justin P. Nichols, Esq., appeared at the hearing on behalf of Plaintiff

Kingman Holdings, L.L.C. ("Plaintiff"); Nathan Milliron, Esq., appeared at the

hearing on behalf of Defendant.  After careful consideration of the memoranda in

support of and in opposition to the Motion, and in light of the parties' arguments at

the hearing, the Court, for the reasons that follow, **GRANTS** Defendant's Motion.

BACKGROUND

On February 28, 2007, Timothy Volking and Jenyfer Volking

(collectively, the "Volkings") obtained a loan for $141,925 from Alethes, LLC

1

("Alethes").  ("Pet.," Dkt. # 1, Ex. 5 ¶ 9; Mot., Ex. 1 (Deed of Trust)[1].)  The loan for $141,925 was secured by a mortgage on property located at 6726 Dragon Fire, San Antonio, Texas 78242 (the "Property").  (Id.)  The same day, the Volkings executed a Deed of Trust (the "DOT") for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Alethes, to secure repayment of the loan. (Id.)

Subsequently, the Volkings defaulted on payment of their homeowners' association's assessments to Lackland Heights Homeowners Association, Inc. (the "HOA").  (Pet. ¶ 10.)  On July 2, 2013, the HOA initiated foreclosure proceedings on the Property pursuant to the Declaration of Covenants, Conditions, and Restrictions for Lackland Heights Subdivision San Antonio, Texas (the "Declaration").  (Id. ¶ 10; Mot., Ex. 4.)  The following day on July 3, 2013, Plaintiff Dragon Fire 6726 Land Trust acquired title to the Property through the HOA's "junior lien" foreclosure sale.  (Pet. ¶ 11; Mot., Ex. 3.)

---

[1] Defendant has attached copies of the Deed of Trust and Assignment of Deed of Trust to its Motion.  (Mot., Exs. 1–2.)  The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  By attaching documents to a motion to dismiss that are referred to in a plaintiff's complaint and that are central to his claim, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000).  In this case, Deed of Trust and the Assignment are central to Plaintiff's claims and are properly considered by this Court.

On September 11, 2013, MERS assigned the DOT to Defendant Everbank.  (Mot., Ex. 2.)

According to Defendant, timely mortgage payments were not paid so it initiated foreclosure proceedings and scheduled a foreclosure for December 3, 2013.  (Mot. at 1.)  The day before Defendant's foreclosure proceedings were scheduled to take place, Plaintiff filed its Original Petition & Application for Injunctive Relief (the "Petition") in the 408th District Court of Bexar County, Texas.  The Petition asserts a cause of action for quiet title and requests monetary, declaratory, and injunctive relief.  (Pet. ¶¶ 1, 18–26.)

On December 12, 2013, Defendant filed a Notice of Removal to federal court.  (Dkt. # 1.)  On December 23, 2013, Defendant filed the Motion to Dismiss that is now currently before the Court.  On January 15, 2014, Plaintiff requested an extension of time to file a Response (Dkt. # 5), which the Court granted in a text order.  On January 27, 2014, Plaintiff requested another extension of time (Dkt. # 8), which the Court also granted in a text order.

That same day, Plaintiff filed a Motion for Leave to File an Amended Complaint.  (Dkt. # 7.)  On January 30, 2014, the Court denied Plaintiff's Motion without prejudice because Plaintiff did not comply with Local Rule 7(b), which requires attaching a proposed Amended Complaint to a Motion for Leave to File an Amended Complaint.  (Dkt. # 10 at 3–4.)  Plaintiff did not attempt to file another

amended complaint.

On March 11, the Court set a hearing for April 14, 2014.  (Dkt. # 12.)
On March 26, 2014, because Plaintiff had failed to timely file a Response to
Defendant's Motion to Dismiss (despite the Court granting multiple continuances),
Plaintiff requested leave to file a Response.  (Dkt. # 13.)  The Court granted
Plaintiff's request, and the Clerk of the Court subsequently filed Plaintiff's
Response on the docket.  ("Resp.," Dkt. # 14.)

DISCUSSION

I.     Legal Standard

Defendant relies exclusively on Federal Rule of Civil Procedure
12(b)(6) in support of its Motion to Dismiss.  Rule 12(b)(6) authorizes dismissal of
a complaint for "failure to state a claim upon which relief can be granted."  Review
is limited to the contents of the complaint and matters properly subject to judicial
notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322
(2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court
accepts 'all well-pleaded facts as true, viewing them in the light most favorable to
the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.
2007) (quoting Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d
464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

4

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted).

In Iqbal, the Supreme Court established a two-step approach for assessing whether a complaint has sufficient facial plausibility to survive a Rule 12(b)(6) motion.  First, a reviewing court must identify all of the conclusory allegations and disregard them, for they are "not entitled to an assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted).

Second, a reviewing court must "consider the factual allegations [in the complaint] to determine if they plausibly suggest an entitlement to relief." Iqbal, 556 U.S. at 680.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  "It follows, that 'where

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'shown'—that the pleader is entitled to relief.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 677).  A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Twombly, 550 U.S. at 555–56.  In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57.  Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations."  Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

II.     Defendant's Motion to Dismiss

    1.     Quiet-Title Claim

        Defendant argues that Plaintiff's quiet title action fails to state a claim plausibly entitling Plaintiff to relief.  In other words, Defendant contends that Plaintiff has not pleaded sufficient facts to pass muster under the Twombly and Iqbal standards for dismissal.  (Mot. at 3–4.)  Plaintiff counters that paragraphs eleven through fourteen of its Petition demonstrate how Plaintiff believes Defendant's lien is ineffective and thus shows how Plaintiff's quiet title action has facial plausibility.  (Resp. ¶ 3 (citing Pet. ¶¶ 11–14).)  Those paragraphs of Plaintiff's Petition provide:

11. Plaintiff purchased the Property at the [HOA] foreclosure sale, and the Association sold and conveyed the Property to Plaintiff on or about July 3, 2013 by virtue of a trustee's deed recorded in Vol. 16248 Page 791 of the Bexar County deed records.

12. After purchasing the property Plaintiff contacted Defendant to ascertain what interest, if any, it asserted in the Property or related lien.  Plaintiff made such inquiries in order to determine its own rights in the Property, and to preserve such interests and rights, including the right to any equitable redemption in the event Defendant claimed a superior lien to that of the Association's.  Defendant failed to respond to Plaintiff.

13. Plaintiff avers the deed of trust related to the Property, and the subsequent assignments, were extinguished by Plaintiff's purchase of the Property from Bridgewood[2], and/or by some other operation of law, waiver, or defect in assignments and/or multiple mortgages.

14. Plaintiff filed a lawsuit, Cause No: 2013-CI-14192, styled Kingman Holdings v. Alethes, L.L.C., in the 438th Judicial District Court of Bexar County, Texas, seeking to quiet title to the Property.

(Pet. ¶¶ 11–14.)

"The principal issue in a suit to quiet title is as to the existence of a cloud that equity will remove."  Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App. 2000) (quoting Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ. App. 1980)).  "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property."  Angell v. Bailey, 225 S.W.3d 834, 838 n.6 (Tex. App. 2007).  In other words, "[t]he effect of a suit to quiet title is to declare invalid or ineffective the

---

[2] The parties do not explain how Bridgewood is affiliated with this lawsuit.

defendant's claim to title." <u>Gordon v. W. Hous. Trees, Ltd.</u>, 352 S.W.3d 32, 42 (Tex. App. 2011).  Nonetheless, the plaintiff still "has the burden of supplying the proof necessary to establish his superior equity and right to relief." <u>Hahn v. Love</u>, 321 S.W.3d 517, 531 (Tex. App. 2009).

To state a quiet-title claim, a plaintiff must show: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. <u>U.S. Nat'l Bank Ass'n v. Johnson</u>, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. Dec. 30, 2011) (citing <u>Sadler v. Duvall</u>, 815 S.W.2d 285, 293 n.2 (Tex. App. 1991)).

Plaintiff successfully alleges the first element of an action to quiet title.  Plaintiff maintains that it is the owner of the Property and has recorded a trustee's deed memorializing such ownership in Vol. 16248 Page 791 of the Bexar County Deed Records.  (<u>See</u> Pet. ¶ 11.)  This appears to be sufficient to establish an interest in property for purposes of an action to quiet title. <u>See</u> <u>Mortg. Elec. Registration Sys., Inc. v. Groves</u>, No. 14-10-00090-CV, 2011 WL 1364070, at *4 (Tex. App. Apr.12, 2011) (holding that the plaintiff's allegation that "she owns the property by virtue of her recorded deed" was a sufficient interest in property for the purposes of a quiet title action).

The second element of a claim for quiet title, "whether title to the

8

property is affected by a claim by the defendant," is adequately alleged in this case. See Johnson, 2011 WL 6938507, at *3.  Because Defendant claims the right to foreclose on the Property pursuant to the assignment of the Deed of Trust by MERS (Mot., Ex. 1), this is a "cloud" on Plaintiff's interest in the property.  See Routh v. Bank of Am., N.A., No. SA-12-CV-244, 2013 WL 427393, at *9 (W.D. Tex. Feb. 4, 2013).

However, Plaintiff fails to plead sufficient facts to support the third element of quiet title—namely, that "the claim, although facially valid, is invalid or unenforceable."  See Johnson, 2011 WL 6938507, at *3.  Although Plaintiff claims it has supported its quiet title action with "facts and allegations for which it believed Defendant's assignment and/or right to enforce its own lien were ineffective" (Resp. ¶ 3), the paragraphs of Plaintiff's Petition supposedly supporting such a claim are entirely conclusory.  For example, Plaintiff fails to explain how the subsequent assignment of Defendant's senior lien, purportedly from MERS to Everbank, was "extinguished" by Plaintiff's purchase of the Property through the junior lien foreclosure sale.  (See Pet. ¶ 13.)  Plaintiff's Petition does not state sufficient facts to demonstrate how Defendant's senior mortgage is a "hindrance having the appearance of a better right to title than its own" or is otherwise invalid or unenforceable.  Gordon, 352 S.W.3d at 42.

To the contrary, it is well-known that a junior lienholder electing to

9

foreclose on its lien takes the property subject to the senior lienholder's lien.  See DTND Sierra Invs. LLC v. Bank of Am., N.A., 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012) ("Under Texas common law, foreclosure does not terminate interests in the foreclosed real estate that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens." (citing Conversion Props., LLC v. Kessler, 994 S.W.2d 810, 813 (Tex. App. 1999))); Elbar Invs., Inc. v. Wilkinson, No. 14-99-002967-CV, 2003 WL 22176624, at *2 (Tex. App. Sept. 23, 2013) ("A junior lienholder takes an interest in the property subordinate to the interests of the senior lienholder . . . ." (citing Diversified Mortg. Investors v. Lloyd D. Blaylock Gen. Contractor, Inc., 576 S.W.2d 794, 806 (Tex. 1978))).  The fact that MERS, the senior lienholder, assigned its interest to Defendant Everbank after Plaintiff became a junior lienholder does not change the Plaintiff's subordinate interest in the Property.  See generally Marsh v. JPMorgan Chase Bank, N.A., 888 F. Supp. 2d 805, 813 (W.D. Tex. 2012) (explaining that an assignment of a deed of trust does not "create a [new] lien or claim," but rather only "transfer[s] an existing deed of trust from one entity to another").  Plaintiff owns the Property subject to Everbank's senior mortgage.

    The only way Plaintiff can plausibly allege that Defendant's interest in the Property is extinguished is to plead sufficient facts to support a trespass-to-

try-title action.  A quiet title action is insufficient.  See Fricks v. Hanock, 45

S.W.3d 322, 327 (Tex. App. 2001) ("Trespass to try title and suit to quiet title are

two different causes of action.").[3]  Until Plaintiff pleads a proper claim to a

superior title under a trespass-to-title cause of action, Plaintiff's claim that

Defendant's lien was extinguished is not plausible.  See Kingman Holdings, LLC

v. CitiMortgage, Inc., 4:10-CV-619, 2011 WL 1883829, at *2 (E.D. Tex. Apr. 21,

2011), report and recommendation adopted, 4:10-CV-619, 2011 WL 1878013

(E.D. Tex. May 17, 2011).[4]

---

[3] "Trespass to try title is statutory, and has specific pleading requirements."  Fricks,
45 S.W.3d at 327.  "To prevail in a trespass-to-title action, Plaintiff must usually
(1) prove a regular chain of conveyances from the sovereign, (2) establish superior
title out of a common source, (3) prove title by limitations, or (4) prove title by
prior possession coupled with proof that possession was not abandoned.  Martin v.
Amerman, 133 S.W.3d 262, 265 (Tex. 2004); see also Tex. Prop Code Ann.
§ 22.001 (Vernon 2000); Tex. R. Civ. P. 783.

[4] It appears that Plaintiff has attempted to defeat senior lienholder foreclosure
actions through a quiet-title theory in several other courts.  In fact, one court even
explained Plaintiff's business model: "One of the principals in Kingman Holdings,
LLC is Mark DiSanti ("DiSanti"), a real estate speculator whose business model
revolves around purchasing properties at assessment lien foreclosures and then
filing suit in an attempt to have the superior mortgage lien declared invalid."
JPMorgan Chase Bank, N.A. v. Ngo, 4:13CV273, 2014 WL 229482, at *2 (E.D.
Tex. Jan. 21, 2014) (citing Kingman Holdings, LLC v. CitiMortgage, Inc., 4:10-
CV-619, 2011 WL 1883829 (E.D. Tex. Apr. 21, 2011), report and
recommendation adopted, 4:10-CV-619, 2011 WL 1878013 (E.D. Tex. May 17,
2011).  Apparently, Plaintiff's model has been successful at times.  See id. ("In
many of the suits, DiSanti, or his entity, takes a default judgment having the deed
of trust mortgage lien declared invalid." (citing Mortg. Elec. Registration Sys., Inc.
v. Disanti, No. 02-10-00169-CV, 2011 WL 255815 (Tex. App. Jan. 27, 2011);
Mortg. Elec. Registration Sys., Inc. v. Disanti, No. 07-10-00267-CV, 2010 WL

In any event, Plaintiff's quiet-title claim requires that plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." Wright, 26 S.W.3d at 578.  In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title. Fricks, 45 S.W.3d at 327.  Plaintiff cannot maintain a quiet title action because its allegations speak only to alleged weaknesses in Defendant's title, not to the strength of Plaintiff's own title.  See Jaimes v. Fed. Nat. Mortg. Ass'n, 930 F. Supp. 2d 692, 698 (W.D. Tex. 2013) (holding that a borrower's allegations regarding weaknesses in title held by Federal National Mortgage Association (Fannie Mae), without more, were insufficient to state claim for quiet title).

Additionally, Plaintiff does not allege any basis to suggest that the property is being wrongfully withheld to justify equitable judicial interference. See Wright, 26 S.W.3d at 578.  In fact, as noted above, Plaintiff took title to the Property subject to Defendant's senior lien.  Based on the facts alleged by Plaintiff himself, it appears that after acquiring title to the Property subject to Defendant's senior mortgage, Plaintiff defaulted on its mortgage to Defendant, and now Defendant seeks to foreclose based on its Deed of Trust.  Those facts do not state a claim for quiet title.

---

4105666 (Tex. App. Oct. 19, 2010))).

2.  Declaratory Judgment Claim

In the Petition, Plaintiff also requests that the Court make certain declarations related to the sale of the Property and the documents associated with it, requesting "a judicial determination of the rights, obligations and interests of the parties with regard to the property."  (Pet. ¶ 18.)

First, the Fifth Circuit has held that the Texas Declaratory Judgment Act is a procedural rule that does not apply in federal court.  See Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998).  Plaintiff therefore fails to state a claim for relief on this ground.

Second, even if Plaintiff had brought its claims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, its claims would fare no better.  A request for declaratory judgment is "merely a theory of recovery" for a cause of action, Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996), and because Plaintiff has failed to allege a cause of action under the only claim it has brought (quiet title), its request for declaratory judgment also fails.  See Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 746, 769 (N.D. Tex. 2012) (converting a request for relief under the Texas Declaratory Judgments Act into an action brought under the federal Declaratory Judgment Act after removal, and holding that the availability of a declaratory judgment depends on the existence of a valid claim).

Third, federal courts have broad discretion to grant or refuse declaratory judgment.  Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991); Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); see also 28 U.S.C. §2201 ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)).  In this case, because Plaintiff fails to set forth sufficient facts demonstrating how Defendant's lien was extinguished by the assignment and how Plaintiff has superior title, the Court declines to exercise its discretion in granting declaratory judgment.

### 3.  Injunctive Relief

Plaintiff's request for injunctive relief also fails.  To obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim.  See Harris Cnty. v. CarMax Auto Superstores, Inc., 177 F.3d 306, 312 (5th Cir. 1999).  Because Plaintiff has not pleaded a single viable cause of action, it cannot make this showing and its request for injunctive relief fails.  See Pajooh v. Harmon, 82 F. App'x 898, 899

14

(5th Cir. 2003) (affirming the district court's denial of injunctive relief when plaintiff failed to state a claim).

III.    Plaintiff's Response

   As a final matter, the Court notes that the remainder of Plaintiff's arguments can only be the product of duplicative filings.  Plaintiff dedicates a large majority of its briefing to distinguishing cases purportedly cited by Defendant. (See Resp. at 5–7 (citing Defendant's Motion to Dismiss as relying on Farkas v. GMAC Mortg., L.L.C., 737 F.3d 338 (5th Cir. 2013) and Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249 (5th Cir. 2013)).)  However, Defendant did not cite either case in its Motion to Dismiss, nor did Defendant argue the issues presented in those cases.

   Additionally, Plaintiff alternatively requests leave to amend its pleadings.  Plaintiff is correct that it should generally be given at least once chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).  Indeed, Plaintiff has sought leave once before. (Dkt. # 7.)  The Court denied Plaintiff's Motion for Leave to Amend its Complaint without prejudice because Plaintiff did not comply with Local Rule 7(b), which requires a proposed amended complaint attached to a motion for leave to file a pleading.  (Dkt. # 10 at 3.)  Plaintiff's Response currently before the Court suffers

15

from the same defect.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to

Dismiss (Dkt. # 2).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 14, 2014.

_____

David Alan Ezra
Senior United States District Judge